IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**MARCUS J. BARBEE,**

    Plaintiff,

v.                                                             Civil Action No. **3:18CV444**

**LT. T. MAYO,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia prisoner proceeding *pro se*, filed this action. The matter is before the Court on Plaintiff's failure to serve Defendants K-A Officer Smith and Sgt. Hanes within the time required by Federal Rule of Civil Procedure 4(m).

Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m). Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff had 90 days to serve K-A Officer Smith. Here, that period commenced on April 2, 2019. More than 90 days elapsed, and Plaintiff has not served Defendant Smith. Accordingly, by Memorandum Order entered on October 10, 2019, the Court directed Plaintiff, within eleven (11) days of the date of entry thereof, to show good cause why the action against Defendant Smith should not be dismissed without prejudice.

Regarding Sgt. Hanes, by Memorandum Order entered on September 19, 2019, the Court directed the Attorney General's Office to notify the Court whether it could accept service on behalf of Sgt. Hanes. Counsel responded and indicated that she cannot accept service because the institution has never employed a Sgt. Hanes. Accordingly, in the October 10, 2019 Memorandum Order, the Court also explained that, at this juncture, Plaintiff was responsible for providing a more thorough identification of Sgt. Hanes within eleven (11) days or the Court would dismiss the action against Sgt. Hanes for failure to effect service.

Plaintiff has responded. ("Response," ECF No. 49.) With respect to the identification of Sgt. Hanes, Plaintiff states as follows:

> ... All defendants should be able to give the identity of Sgt. Hanes/unknown name of Sgt in question.
> . . . .
> He is officer seen on camera of day in question. Grab me by my left arm and ram my face into metal table in the pod. He has a tribal tattoo that goes up his left, right arm and he came to the assistance call with S. Hall and Hall can identify the defendant in question by video footage of the entire incident that took place on 10–17–17 in Z-Bravo-pod involving all defendants.

(*Id.* at 1–3 (capitalization, spelling, and punctuation corrected).)

With respect to Defendant Smith, Plaintiff states the following:

> I don't have the means without help from the courts to serve KA Officer Smith.
> . . . .
> Without help from the courts, it is impossible for me to serve Defendant Smith. I have no address or first name or anything for Smith who is a defendant in this case.

(*Id.* at 1–2 (capitalization, spelling, and punctuation corrected).)

District courts within the Fourth Circuit have found good cause to extend the ninety-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb.

7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Leniency is especially appropriate when factors beyond the plaintiff's control frustrate his or her diligent efforts. *See McCollum v. GENCO Infrastructure Sols.*, No. 3:10cv210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D. W.Va. 1996)). Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant, *T & S Rentals*, 164 F.R.D. at 425 (citing *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 282 (N.D. Ga. 1982)), or stayed proceedings that delay the issuance of a summons. *McCollum*, 2010 WL 5100495, at *2 (citing *Robinson v. Fountainhead Title Grp. Corp.*, 447 F. Supp. 2d 478, 485 (D. Md. 2006)).

However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause." *Venable*, 2007 WL 5145334, at *1 (quoting *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W.Va. 1992)). While a court might take a plaintiff's *pro se* status into consideration when coming to a conclusion on good cause, *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither *pro se* status nor incarceration alone constitute good cause. *Sewraz v. Long*, No. 3:08cv100, 2012 WL 214085, at *2 (E.D. Va. Jan. 24, 2012) (citations omitted).

Plaintiff alone, (not the Court or the United States Marshal's service), is responsible for providing the appropriate addresses for serving the Defendants. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (holding that prisoners proceeding *in forma pauperis* retain responsibility for providing address at which service can be effectuated); *see also Geter v. Horning Bros. Mgmt.*, 502 F. Supp. 2d 69, 70 n.3 (D.D.C. 2007) (advising that *in forma pauperis* status conveys right to have court effect service only to extent plaintiff provides a valid address).

3

Plaintiff has failed to identify any effort on his part to find an address for Defendant Smith or the identification and address of Sgt. Hanes. Thus, Plaintiff fails to demonstrate that he made a "reasonable, diligent effort[] to effect service on the defendant[s]." *Venable*, 2007 WL 5145334, at *1 (citation omitted) (internal quotation marks omitted). Accordingly, Plaintiff has failed to demonstrate good cause to excuse his failure to serve Defendant Smith or Sgt. Hanes or good cause to warrant an extension of time to do so. The claims against Defendant Smith and Sgt. Hanes will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: **November 12, 2019**
Richmond, Virginia