IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**MARCUS J. BARBEE,**

    Plaintiff,

v.                                                             Civil Action No. **3:18CV444**

**LT. T. MAYO,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Marcus J. Barbee, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983.[1] The action proceeds on Barbee's Particularized Complaint ("Complaint," ECF No. 15.)[2] The Court has construed Barbee's Complaint to raise the following claims for relief:

    Claim One:    Defendants violated Barbee's rights under the Eighth Amendment[3] when they used excessive force against him. (*Id.* at 2–3.)

    Claim Two:    Defendants' use of physical force against Barbee "constituted the tort of assault and battery under the law of Virginia." (*Id.* at 3.)

---

[1] That statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] Barbee names the following as Defendants: Lt. T. Mayo, Lt. Adams, K-A Officer Griffin, K-A Officer Smith, Officer Hall, and Sgt. Hanes. Only Defendants Mayo, Adams, Griffin, and Hall remain. The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system.

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. AMEND. VIII.

Claim Three: Unnamed defendants violated Barbee's right to due process when they took him to segregation without telling him why and without charging him with a disciplinary offense. (*Id.*)

The matter is now before the Court on the Motions for Summary Judgment filed by Defendants Griffin and Hall, (ECF No. 19), and by Defendant Adams, (ECF No. 33), and pursuant to the Court's screening obligations under 28 U.S.C. § 1915(e)(2). In response, Barbee, filed an Affidavit attached to his Answers to Affirmative Defenses to Defendants' Defenses. ("Barbee Affidavit," ECF No. 41–1.) For the reasons stated below, Claim Three will be DISMISSED WITHOUT PREJUDICE. The Motions for Summary Judgment will be DENIED WITHOUT PREJUDICE.

## I. The Court's Screening Obligations

### A. Legal Standards

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded

2

allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

3

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Claim Three Must be Dismissed

In Claim Three, Barbee contends that unnamed defendants violated his right to due process by the following actions:[4]

> On 10–10–2017 I was taken to segregation without being told why.
> I. M. Barbee (Plaintiff), requested the correct paperwork to file and was denied the paperwork to file on 10–10–17.
> I never received an infraction or disciplinary charge for that entire incident.

(Compl. 3.) To state a legally sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (emphasis added) (internal quotation marks omitted). As alleged, Barbee fails to identify how any of the named Defendants were personally involved in the deprivation of his due process rights as necessary to sustain Claim Three. Accordingly, Claim Three will be DISMISSED WITHOUT PREJUDICE.

---

[4] The Court corrects the punctuation, spelling, and capitalization in the quotations from the Complaint. The Court omits the paragraph numbers from the Complaint.

4

## II. Summary Judgment Standard

Summary judgment under Rule 56 is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). "A fact is material if the existence or non-existence thereof could lead a jury to different resolutions of the case." *Thomas v. FTS USA, LLC*, 193 F. Supp. 3d 623, 628 (E.D. Va. 2016) (citing *Liberty Lobby*, 477 U.S. at 248). Once a party has properly filed evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but instead must set forth specific facts illustrating genuine issues for trial. *Celotex Corp.*, 477 U.S. at 322–24. These facts must be presented in the form of exhibits and sworn affidavits. Fed. R. Civ. P. 56(c).

A court views the evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Liberty Lobby*, 477 U.S. at 255. Whether an inference is reasonable must be considered in conjunction with competing inferences to the contrary. *Sylvia Dev. Corp. v. Calvert Cty.*, 48 F.3d 810, 818 (4th Cir. 1995). Nonetheless, the nonmoving "party is entitled 'to have the credibility of his evidence as forecast assumed.'" *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc) (quoting *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)). Ultimately, the court must adhere to the affirmative obligation to bar factually unsupportable claims from proceeding to trial. *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp.*, 477 U.S. at 323–24). The ultimate inquiry in examining a motion for summary judgment is whether there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is

5

merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249–50 (citations omitted).

Defendants Hall, Griffin, and Adams ("Defendants") ask the Court to dismiss Barbee's claims because Barbee failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because the exhaustion of administrative remedies is an affirmative defense, Defendants bear the burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In support of their Motions for Summary Judgment, Defendants submit: (1) an affidavit from E. Witt, the Institutional Ombudsman at Sussex I State Prison (Mem. Supp. Mot. Summ. J. Attach. 1 ("Witt Affidavit"), ECF No. 20–1, at 1–4; Mem. Supp. Mot. Summ. J. Attach. 1, ECF No. 34–1, at 1–4); (2) a copy of Operating Procedure 866.1, Offender Grievance Procedure (Mem. Supp. Mot. Summ. J. Encl. A, ECF No. 20–1, at 5–18; Mem. Supp. Mot. Summ. J. Encl. A, ECF No. 34–1, at 5–18); and, (3) a copy of a Regular Grievance submitted by Barbee (Mem. Supp. Mot. Summ. J. Encl. B, ECF No. 20–1, at 19–20; Mem. Supp. Mot. Summ. J. Encl. B, at 34–1, at 19–20).[5]

At this stage, the Court must assess whether Barbee "has proffered sufficient proof, in the form of *admissible* evidence, that could carry the burden of proof of his claim at trial." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993) (emphasis added). As a general rule, a non-movant must respond to a motion for summary judgment with affidavits or other verified evidence. *Celotex Corp.*, 477 U.S. at 324. Barbee submitted his own affidavit.[6]

---

[5] The affidavit and two enclosures attached to the Motions for Summary Judgment are identical. Accordingly, the Court cites only to the version attached to the first Memorandum in Support of Motion for Summary Judgment, docketed as ECF No. 20–1.

[6] Barbee submitted an unsworn Particularized Complaint. Because Barbee failed to swear to the contents of his Particularized Complaint under penalty of perjury, the Particularized

6

In light of the foregoing principles and submissions, the following facts are established for the purposes of the Motion for Summary Judgment. All permissible inferences are drawn in favor of Barbee. As explained below, the facts suggest Defendants prevented Barbee from exhausting his grievances by failing to respond to his informal complaints or issuing him an informal complaint receipt.

### III. Relevant Facts

#### A. <u>VDOC's Grievance Procedure</u>

Operating Procedure § 866.1, Offender Grievance Procedure, constitutes the mechanism used to resolve inmate complaints in the Virginia Department of Corrections ("VDOC"). (Witt Aff. ¶ 4.) VDOC orients offenders to the offender grievance procedure when they are initially received at VDOC facilities. (*Id.* ¶ 10.) Operating Procedure § 866.1 requires that, before submitting a formal grievance, the inmate must demonstrate that he or she has made a good faith effort to resolve the grievance informally through the procedures available at the institution to secure institutional services or resolve complaints. (Operating Procedure § 866.1.V.A.) Generally, a good faith effort requires the inmate to submit an informal complaint form. (*Id.* § 866.1.V.A.1–2.) If the informal resolution effort fails, the inmate must initiate a regular grievance by filling out the standard "Regular Grievance" form. (*Id.* § 866.1.VI.A.2.)

"The original *Regular Grievance* (no photocopies or carbon copies) should be submitted by the offender through the facility mail system to the Facility Unit Head's Office for processing by the Institutional Ombudsman/Grievance Coordinator." (*Id.* § 866.1.VI.A.2.b.) The offender <u>must attach to the regular grievance a copy of the informal complaint or other documentation</u>

---

Complaint fails to constitute admissible evidence. *See United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004).

demonstrating their attempt to informally resolve the issue. (*Id.* § 866.1.VI.A.2.a (emphasis added).) Additionally, "[i]f 15 calendar days have expired from the date the *Informal Complaint* was logged without the offender receiving a response, the offender may submit a *Grievance* on the issue and attach the *Informal Complaint* receipt as documentation of the attempt to resolve the issue informally." (*Id.* § 866.1.V.A.3 (emphasis added).) A formal grievance must be filed within thirty days from the date of the incident or occurrence, or the discovery of the incident or occurrence, except in instances beyond the offender's control. (*Id.* § 866.1.VI.A.1.)

### 1. Grievance Intake Procedure

Prior to review of the substance of a grievance, prison officials conduct an "intake" review of the grievance to ensure that it meets the published criteria for acceptance. (*Id.* § 866.1.VI.B.) Policy mandates that VDOC officials log grievances meeting the criteria for acceptance on the day they are received, and a "Grievance Receipt" is issued to the inmate within two days. (*Id.* § 866.1.VI.B.3 (emphasis added).) If the grievance does not meet the criteria for acceptance, prison officials complete the "Intake" section of the grievance and return the grievance to the inmate within two working days. (*Id.* § 866.1.VI.B.4.) If the inmate desires a review of the intake decision, he or she must send the grievance form to the Regional Ombudsman within five calendar days of receipt. (*Id.* § 866.1.VI.B.5.)

### 2. Grievance Appeals

Up to three levels of review exist for a regular grievance. (*Id.* § 866.1.VI.C.) The Facility Unit Head of the facility in which the offender resides is responsible for Level I review. (*Id.* § 866.1.VI.C.1.) If the offender is dissatisfied with the determination at Level I, he or she may appeal the decision to Level II. At that level, the Regional Administrator, the Health Services Director, the Superintendent for Education, or the Chief of Operations for Offender

8

Management Services conduct the review. (*Id.* § 866.1.VI.C.2.) The Level II response informs the offender whether he or she "qualifies for" an appeal to Level III. (*Id.* § 866.1.VI.C.2.g.)

"The exhaustion requirement will be met only when a regular grievance has been appealed through the highest eligible level without satisfactory resolution of the issue." (Witt Aff. ¶ 7.)

### B. Facts Pertaining to Barbee's Exhaustion of Administrative Remedies

Barbee submitted a regular grievance on November 9, 2017, in which he complained "that Lieutenants Mayo and Adams instructed that canines be used against him on October 10, 2017 after he placed his hands in the air to surrender." (Witt Aff. ¶ 8; *see* Regular Grievance, ECF No. 20–1, at 19.) That same day, Ombudsman Witt rejected the regular grievance at intake because Barbee failed to first utilize informal procedure to resolve his grievance. (Witt Aff. ¶ 8.) Barbee subsequently appealed the intake decision to the Regional Ombudsman. (*Id.*) The Regional Ombudsman upheld the intake decision on November 17, 2017. (*Id.*) Barbee filed no further grievances concerning the claims in this Complaint. (*Id.* ¶ 9.) Barbee, however, indicates that he submitted informal complaints and he "was not getting a response back from the informal" complaints and "in fact they were not being logged into the system." (Barbee Aff. 1.)

### IV. Exhaustion Analysis

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language "naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." *Booth v. Churner*, 532 U.S. 731, 738 (2001). Generally, in order to

9

satisfy the exhaustion requirement, an aggrieved party must file a grievance raising the claim and pursue the grievance through all available levels of appeal, prior to bringing his or her action to court. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Supreme Court has instructed that section 1997e(a) "requires *proper* exhaustion." *Id.* at 93 (emphasis added). The Supreme Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, "so that the agency addresses the issues on the merits." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). The applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Exhaustion is mandatory, and courts lack discretion to waive the exhaustion requirement. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Here, Barbee failed to exhaust his administrative remedies regarding his claims. Barbee's regular grievance was rejected because he failed to first utilize informal procedures to resolve his grievance. Instead of correcting his error and then resubmitting his regular grievance, the record before the Court shows that Barbee simply appealed. (Witt Aff. ¶ 8.)

However, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citations omitted). Section "1997e(a) does not permit the court to consider an inmate's merely subjective beliefs, logical or otherwise, in determining whether administrative procedures are 'available.'" *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002) (citation omitted); *see Ross v. Blake*, 136 S. Ct. 1850, 1856–59 (2016) (discussing when administrative procedures are unavailable to an inmate). To excuse compliance with a grievance system, courts have required an inmate to show that he was prevented from filing a grievance by affirmative action on the part of prison officials. *Graham v.*

10

*Cty. of Gloucester, Va.*, 668 F. Supp. 2d 734, 738 (E.D. Va. 2009) (citing *Brown v. Croak*, 312 F.3d 109, 112–13 (3d Cir. 2002); *Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir. 2000); *Born v. Monmouth Cty. Corr. Inst.*, No. 07-3771, 2008 WL 4056313, at *3–4 (D.N.J. Aug. 28, 2008)).

Defendants have failed to demonstrate their entitlement to summary judgment based on lack of exhaustion because Barbee sufficiently shows prison officials may have prevented him from complying with the grievance process. To properly exhaust his administrative remedies, Barbee was required to attach to the regular grievance a copy of the informal complaint or other documentation demonstrating his attempt to informally resolve the issue. (Operating Procedure § 866.1.VI.A.2.a.) Barbee swears that he submitted informal complaints, but that prison officials did not log these complaints or respond to them. (Barbee Aff. 1.)

The Court further recognizes that Barbee submitted with his original Complaint two informal complaints. (ECF No. 1-1, at 4–5.) Barbee also attached a letter directed to the Regional Ombudsman dated November 10, 2017, the day after officials rejected Barbee's regular grievance. (*Id.* at 1.) In this letter, Barbee states that he "put in several informal complaints (2 in a period of 30 days) and have not received a response or grievance receipt for the complaint[s]." (*Id.*) Because Barbee did not receive a response to his informal complaints, to properly exhaust his administrative remedies, he was required to submit his regular grievance with his informal complaint *receipt* attached as "documentation of the attempt to resolve the issue informally." (Operating Procedure § 866.1.V.A.3.) Barbee, however, indicates that he never received an informal complaint receipt because his informal complaints were never logged into the system, and therefore, he was unable to submit his regular grievance in accordance with the applicable operating procedures. Thus, on the current record, it appears that Barbee was prevented from filing a proper regular grievance by the affirmative action of prison officials who failed to log his

11

informal complaints and provide him with a receipt. Accordingly, Defendants have failed to demonstrate their entitlement to summary judgment based on lack of exhaustion.

### V. Conclusion

Accordingly, the Motions for Summary Judgment (ECF Nos. 19, 33) will be DENIED WITHOUT PREJUDICE. Any party wishing to file a renewed motion for summary judgment may do so within forty-five (45) days. The renewed motion for summary judgment may raise any affirmative defense and must address Claims One and Two on the merits. Claim Three will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: **November 10, 2019**
Richmond, Virginia

12