IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MARCUS J. BARBEE,**

    Plaintiff,

v.                                                       Civil Action No. **3:18CV444**

**LT. T. MAYO,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Marcus J. Barbee, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983.[1] The action proceeds on Barbee's Particularized Complaint ("Complaint," ECF No. 15.)[2] By Memorandum Opinion and Order entered on November 12, 2019, the Court dismissed Claim Three and denied the Motion for Summary Judgment without prejudice with respect to Claims One and Two. The following claims remain:

    Claim One:     Defendants violated Barbee's rights under the Eighth Amendment[3] when they used excessive force against him. (*Id.* at 2–3.)

---

[1] That statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] Barbee names the following as Defendants: Lt. T. Mayo, Lt. Adams, K-A Officer Griffin, K-A Officer Smith, Officer Hall, and Sgt. Hanes. Only Defendants Mayo, Adams, Griffin, and Hall remain. The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system.

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. AMEND. VIII.

Claim Two: Defendants' use of physical force against Barbee "constituted the tort of assault and battery under the law of Virginia." (*Id.* at 3.)

The matter is now before the Court on the Renewed Motion for Summary Judgment filed by Defendants Griffin, Hall, and Adams. (ECF No. 60.)[4] In response, Barbee filed a Declaration ("Barbee Decl.," ECF No. 65) and Brief in Opposition (ECF No. 66). For the reasons stated below, the Motion for Summary Judgment will be DENIED, and the matter set for an evidentiary hearing.

## I. Summary Judgment Standard

Summary judgment under Rule 56 is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). "A fact is material if the existence or non-existence thereof could lead a jury to different resolutions of the case." *Thomas v. FTS USA, LLC*, 193 F. Supp. 3d 623, 628 (E.D. Va. 2016) (citing *Liberty Lobby*, 477 U.S. at 248). Once a party has properly filed evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but instead must set forth specific facts illustrating genuine issues for trial. *Celotex Corp.*, 477 U.S. at 322–24. These facts must be presented in the form of exhibits and sworn affidavits. Fed. R. Civ. P. 56(c).

A court views the evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Liberty Lobby*, 477 U.S. at 255. Whether an inference is reasonable must be considered in conjunction with competing inferences to the contrary. *Sylvia*

---

[4] Defendant Mayo was served on August 8, 2019, but has failed to enter an appearance or respond to the Complaint. (ECF No. 44.)

2

*Dev. Corp. v. Calvert Cty.*, 48 F.3d 810, 818 (4th Cir. 1995). Nonetheless, the nonmoving "party is entitled 'to have the credibility of his evidence as forecast assumed.'" *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc) (quoting *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)). Ultimately, the court must adhere to the affirmative obligation to bar factually unsupportable claims from proceeding to trial. *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp.*, 477 U.S. at 323–24). The ultimate inquiry in examining a motion for summary judgment is whether there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249–50 (citations omitted).

Defendants Hall, Griffin, and Adams ("Defendants") again ask the Court to dismiss Barbee's claims because Barbee failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).[5] The Court previously determined in a November 12, 2019 Memorandum Opinion that Defendants had failed to demonstrate entitlement to summary judgment based on lack of exhaustion because Barbee sufficiently showed that prison officials may have prevented him from complying with the grievance process. (ECF No. 52.) As discussed below, that determination remains unchanged.

---

[5] That statute provides, in pertinent part:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

3

Because the exhaustion of administrative remedies is an affirmative defense, Defendants bear the burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In support of their Renewed Motion for Summary Judgment, Defendants submit: (1) an affidavit from E. Witt, the Institutional Ombudsman at Sussex I State Prison (Mem. Supp. Ren. Mot. Summ. J. Attach. 1 ("Witt Affidavit"), ECF No. 61-1, at 1–6); (2) a copy of Operating Procedure 866.1, Offender Grievance Procedure (Mem. Supp. Ren. Mot. Summ. J. Encl. A, ECF No. 61-1, at 7–20); and, (3) a copy of a Regular Grievance submitted by Barbee (Mem. Supp. Ren. Mot. Summ. J. Encl. B, ECF No. 61-1, at 21–26).

At this stage, the Court must assess whether Barbee "has proffered sufficient proof, in the form of *admissible* evidence, that could carry the burden of proof of his claim at trial." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993) (emphasis added). As a general rule, a non-movant must respond to a motion for summary judgment with affidavits or other verified evidence. *Celotex Corp.*, 477 U.S. at 324. Barbee submitted his own affidavit.[6]

In light of the foregoing principles and submissions, the following facts are established for the purposes of the Renewed Motion for Summary Judgment. All permissible inferences are drawn in favor of Barbee. As explained below, the facts suggest Defendants prevented Barbee from exhausting his grievances by failing to respond to his informal complaints or issuing him an informal complaint receipt.[7]

---

[6] Barbee submitted an unsworn Particularized Complaint. Because Barbee failed to swear to the contents of his Particularized Complaint under penalty of perjury, the Particularized Complaint fails to constitute admissible evidence. *See United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004).

[7] "Defendants concede that a genuine issue of fact exists on the merits of [the] claims [underlying Barbee's grievances] and therefore do not seek summary judgment" in the Renewed Motion for Summary Judgment. (ECF No. 61, at n.2).

## II. Relevant Facts

### A. <u>VDOC's Grievance Procedure</u>

Operating Procedure § 866.1, Offender Grievance Procedure, is the mechanism used to resolve inmate complaints in the VDOC. (Witt Aff. ¶ 4.) Offenders are oriented to the offender grievance procedure when they are initially received into the VDOC. (*Id.* ¶ 10.) Operating Procedure § 866.1 requires that, before submitting a formal grievance, the inmate must demonstrate that he or she has made a good faith effort to resolve the grievance informally through the procedures available at the institution to secure institutional services or resolve complaints. (Operating Procedure § 866.1.V.A.) Generally, a good faith effort requires the inmate to submit an informal complaint form. (*Id.* § 866.1.V.A.1–2.) If the informal resolution effort fails, the inmate must initiate a regular grievance by filling out the standard "Regular Grievance" form. (*Id.* § 866.1.VI.A.2.)

"The original *Regular Grievance* (no photocopies or carbon copies) should be submitted by the offender through the facility mail system to the Facility Unit Head's Office for processing by the Institutional Ombudsman/Grievance Coordinator." (*Id.* § 866.1.VI.A.2.b.) The offender <u>must attach to the regular grievance a copy of the informal complaint or other documentation demonstrating their attempt to informally resolve the issue.</u> (*Id.* § 866.1.VI.A.2.a (emphasis added).) Additionally, "[i]f 15 calendar days have expired from the date the *Informal Complaint* was logged without the offender receiving a response, the offender may submit a *Grievance* on the issue and <u>attach the *Informal Complaint* receipt as documentation of the attempt to resolve the issue informally</u>." (*Id.* § 866.1.V.A.3 (emphasis added).) A formal grievance must be filed within thirty days from the date of the incident or occurrence, or the discovery of the incident or occurrence, except in instances beyond the offender's control. (*Id.* § 866.1.VI.A.1.)

### 1. Grievance Intake Procedure

Prior to review of the substance of a grievance, prison officials conduct an "intake" review of the grievance to ensure that it meets the published criteria for acceptance. (*Id.* § 866.1.VI.B.) A grievance meeting the criteria for acceptance is logged in the system on the day it is received, and a "Grievance Receipt" is issued to the inmate within two working days. (*Id.* § 866.1.VI.B.3 (emphasis added).) If the grievance does not meet the criteria for acceptance, prison officials complete the "Intake" section of the grievance and return the grievance to the inmate within two working days. (*Id.* § 866.1.VI.B.4.) If the inmate desires a review of the intake decision, he or she must send the grievance form to the Regional Ombudsman within five calendar days of receipt. (*Id.* § 866.1.VI.B.5.)

### 2. Grievance Appeals

Up to three levels of review exist for a regular grievance. (*Id.* § 866.1.VI.C.) The Facility Unit Head of the facility in which the offender is confined is responsible for Level I review. (*Id.* § 866.1.VI.C.1.) If the offender is dissatisfied with the determination at Level I, he or she may appeal the decision to Level II, a review of which is conducted by the Regional Administrator, the Health Services Director, the Superintendent for Education, or the Chief of Operations for Offender Management Services. (*Id.* § 866.1.VI.C.2.) The Level II response informs the offender whether he or she "qualifies for" an appeal to Level III. (*Id.* § 866.1.VI.C.2.g.)

"The exhaustion requirement will be met only when a regular grievance has been appealed through the highest eligible level without satisfactory resolution of the issue." (Witt Aff. ¶ 7.)

## B. Facts Pertaining to Barbee's Exhaustion of Administrative Remedies

Barbee submitted a regular grievance on November 9, 2017, in which he complained "that Lieutenants Mayo and Adams instructed that canines be used against him on October 10, 2017 after he placed his hands in the air to surrender." (Witt Aff. ¶ 8; *see* Regular Grievance, ECF No. 61–1, at 21.) That same day, Ombudsman Witt rejected the regular grievance at intake because Barbee failed to first utilize informal procedure to resolve his grievance. (Witt Aff. ¶ 8.) Barbee subsequently appealed the intake decision to the Regional Ombudsman. (*Id.*) The Regional Ombudsman upheld the intake decision on November 17, 2017. (*Id.*) Barbee filed no further grievances concerning the claims in this Complaint. (*Id.* ¶ 9.) However, Barbee indicates that he submitted informal complaints and he "was not getting a response back from the informal" complaints and "in fact they were not being logged into the system." (Barbee Aff. 1, ECF No. 41–1.) Barbee avers that "he did file [an] informal complaint on the excessive use of force . . . on 10-10-2017" and on "10-25-17, [he] was released from segregation and filed a second informal complaint about getting no response to the informal complaint [he] filed on 10-10-17." (Barbee Decl. ¶¶ 5, 6.) Barbee indicates that he "attached both informal [complaints] to a regular grievance for proof that [he] did use/attempt to utilize the grievance procedure." (*Id.* at 7.)

## III. Exhaustion Analysis

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language "naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief

the prisoner demands." *Booth v. Churner*, 532 U.S. 731, 738 (2001). Generally, in order to satisfy the exhaustion requirement, an aggrieved party must file a grievance raising the claim and pursue the grievance through all available levels of appeal, prior to bringing his or her action to court. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Supreme Court has instructed that section 1997e(a) "requires *proper* exhaustion." *Id.* at 93 (emphasis added). The Supreme Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, "so that the agency addresses the issues on the merits." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). The applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Exhaustion is mandatory, and courts lack discretion to waive the exhaustion requirement. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Here, Barbee failed to exhaust his administrative remedies with regard to his claims. Barbee's regular grievance was rejected because he failed to first utilize informal procedures to resolve his grievance. Instead of correcting his error and then resubmitting his regular grievance, the record before the Court shows that Barbee simply appealed. (Witt Aff. ¶ 8.)

However, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citations omitted). Section "1997e(a) does not permit the court to consider an inmate's merely subjective beliefs, logical or otherwise, in determining whether administrative procedures are 'available.'" *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002) (citation omitted); *see Ross v. Blake*, 136 S. Ct. 1850, 1856–59 (2016) (discussing when administrative procedures are unavailable to an inmate). To excuse compliance with a grievance system, courts have required an inmate to show that he was

8

prevented from filing a grievance by affirmative action on the part of prison officials. *Graham v. Cty. of Gloucester, Va.*, 668 F. Supp. 2d 734, 738 (E.D. Va. 2009) (citing *Brown v. Croak*, 312 F.3d 109, 112–13 (3d Cir. 2002); *Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir. 2000); *Born v. Monmouth Cty. Corr. Inst.*, No. 07-3771, 2008 WL 4056313, at *3–4 (D.N.J. Aug. 28, 2008)).

To properly exhaust his administrative remedies, Barbee was required to attach to the regular grievance a copy of the informal complaint or other documentation demonstrating his attempt to informally resolve the issue. (Operating Procedure § 866.1.VI.A.2.a.) Barbee swears that he submitted informal complaints and these complaints were not logged into the system and he did not receive a response. (Barbee Aff. 1, ECF No. 41-1.) Barbee avers that he attempted to submit two informal grievances prior to filing his Regular Grievance. (Barbee Decl. ¶¶ 5, 6.)

Relevant here, Barbee attached two informal complaints with his original Complaint. (ECF No. 1-1, at 4–5.) Barbee also attached a letter to these informal complaints dated November 10, 2017, the day after Barbee's regular grievance was rejected on intake and is directed to the Regional Ombudsman on appeal. (*Id.* at 1.) In this letter, Barbee states that he "put in several informal complaints (2 in a period of 30 days) and have not received a response or grievance receipt for the complaint[s]." (*Id.*) Because Barbee did not receive a response to his informal complaints, in order to exhaust properly, he was required to submit his regular grievance with his informal complaint *receipt* attached as "documentation of the attempt to resolve the issue informally." (Operating Procedure § 866.1.V.A.3.)

E. Witt, the Institutional Ombudsman at Sussex I State Prison, states in his affidavit that he rejected Barbee's grievance on intake because Barbee did not provide proof of his informal complaint receipt, but acknowledges that informal complaints were logged into the system near

the time of the incident. (Witt Aff. ¶¶ 11–13). Specifically, Witt avers:

> When Barbee submitted his regular grievance on November 9, 2017, he provided no receipt as proof of his submission of an informal complaint regarding the October 10, 2017 incident. I, therefore, rejected the grievance on intake.
> 
> I am advised that Barbee has provided copies of Informal Complaints written on October 10, 2017 and October 25, 2017 for which he claims he received no response. As evidenced by a lack of date stamp by the Sussex I grievance office, neither of these informal complaints was received by the Sussex I grievance office. Neither complaint has been logged on the CORIS database. As Barbee did not submit the informal complaints in accordance with procedure, an informal complaint number was not assigned and a receipt could not have been generated for Barbee. Instead of submitting the informal complaints to the grievance office, it appears that Barbee sent them to the Regional Ombudsman with the November 9, 2017 rejected grievance. The rejected grievance and informal complaints bear a date stamp of November 17, 2010 by the Regional Omsbudsman. Submission of informal complaints to the regional office for processing is not proper and is not sufficient for exhaustion requirements. . . .
> 
> According to CORIS, near the time of the October 10, 2017 incident, Barbee submitted informal complaints on September 8, 2017 (SXI–17–INF–02978) and on November 6, 2017 (SXI–17–INF–03884). Informal Complaint SXI–17–INF–03884 pertains to Barbee being taken to segregation on October 10, 2017 and the status of Barbee's property upon his release on October 25, 2017. Both informal complaints were logged into CORIS and were processed according to policy.

(Witt Aff. ¶¶ 11–13 (paragraph numbers omitted).)

Barbee, however, indicates that he never received an informal complaint receipt because his informal complaints were never logged into the system, and therefore, he was unable to submit his regular grievance in accordance with the applicable operating procedures. Thus, on the current record, the Court cannot conclusively determine whether Barbee failed to submit these informal complaints to the Sussex I grievance office, or whether Barbee was prevented from filing a proper regular grievance by the affirmative action of prison officials who failed to log his informal complaints and provide him with a receipt. Thus, genuine issues of material fact remain with respect to whether Barbee properly exhausted his administrative remedies or whether he was prevented from exhausting his administrative remedies. As a result, Defendants have failed to demonstrate their entitlement to summary judgment based on lack of exhaustion.

Accordingly, the Court will transfer the remaining claims to the Honorable Roderick C. Young, United States Magistrate Judge, for an evidentiary hearing. *See Allen v. Hardwood*, 728 F. App'x 222, 222 (4th Cir. 2018) ("approving use of evidentiary hearing to determine whether plaintiff exhausted administrative remedies" (quoting *Messa v. Goord*, 652 F.3d 305, 308 (2d Cir. 2011))).[8]

## IV. Conclusion

The Motion for Summary Judgment (ECF No. 60) will be DENIED.[9] The remaining claims will be REFERRED to the Honorable Roderick C. Young, United States Magistrate Judge, for an evidentiary hearing in accordance with the accompanying Order.

An appropriate Order will accompany this Memorandum Opinion.

/s/ MHL
M. Hannah Lauck
United States District Judge

Date: May 4, 2020
Richmond, Virginia

---

[8] As Defendants also concede that a genuine issue of fact exists on the merits of Barbee's claims, the matter is also referred for an evidentiary hearing, if need be, on the merits.

[9] Barbee also filed a Motion for Summary Judgment. (ECF No. 54.) Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Further, per this Court's Local Rules, a motion for summary judgment shall state with particularity the grounds upon which it is based and shall be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies. E.D. Va. Loc. Civ. R. 7(A), (F); E.D. Va. Loc. Civ. R. 56(B).

Here, Barbee failed to file any supporting memorandum. Moreover, Barbee's motion is entirely conclusory, fails to conform to both the Rules of Civil Procedure and Local Rules of this Court, and fails to set forth facts by which a reasonable jury could find in his favor. Accordingly, Barbee's Motion for Summary Judgment (ECF No. 54) will be DENIED WITHOUT PREJUDICE.